UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PONCIANO GARCIA, *individually and*
*on behalf of others similarly situated,*

                                  Plaintiff,

              -against-

JFE INC., JFE OF CONNECTICUT
INC., JOSE TRINIDAD ESPINOZA,
EDWARD A. FUCCI (DECEASED)
AND CHRIS FUCCI,

                                  Defendants.
-----------------------------------------------------------------X

Case No.: _____

**29 U.S.C. § 216(b) COLLECTIVE ACTION**

**COMPLAINT AND**
**DEMAND FOR JURY TRIAL**

Plaintiff, PONCIANO GARCIA, ("Plaintiff"), individually and on behalf of himself and others similarly situated, by and through his attorneys, The Law Offices of Michael G. Santangelo PLLC, upon knowledge and belief, hereby brings this complaint against JFE INC. JFE of CONNECTICUT INC., JOSE TRINIDAD ESPINOZA, EDWARD A. FUCCI, and CHRIS FUCCI (hereinafter, "Defendants") alleges as follows:

## INTRODUCTION

1.     This action is brought by Plaintiff on behalf of himself as well as other employees similarly situated against Defendants for alleged violations of the Federal Labor Standards Act (hereinafter, "FLSA") 29 U.S.C. § 201 *et seq.*, and of the New York Labor Law (hereinafter, "NYLL"), arising from the Defendants' various willful and unlawful employment policies, patterns and/or practices.

1

2. Plaintiff alleges, pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wage compensation; (2) unpaid overtime wages; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

3. Plaintiff further alleges, pursuant to New York Labor Law § 650 *et seq.* and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that he is entitled to recover from the Defendants: (1) unpaid minimum wage compensation; (2) unpaid overtime compensation; (3) unpaid spread of hours; (4) up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday; (5) up to five thousand dollars ($5,000.00) for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours, along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day; (6) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent (25%) under NYLL §§ 190 et seq., §§ 650 et seq., and one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act; (7) Nine percent (9%) simple prejudgment interest provided by NYLL; (8) post-judgment interest; and (9) attorney's fees and costs.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this controversy pursuant to the FLSA, 29 U.S.C. Section 216(b). 28 U.S.C. Section 1337 (interstate commerce), and 28 U.S.C. Section 1331 (federal question). Supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. Section 1367(a).

5. Venue is proper in this District under 28 U.S.C. Section 1391(b) and (c) because the majority of the acts and omissions giving rise to the claims herein alleged occurred in this District, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this District.

## PARTIES
### *Plaintiff Ponciano Garcia*

6. Plaintiff PONCIANO GARCIA is currently employed by the Defendants as a demolition/construction worker.

7. Plaintiff seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

8. Plaintiff has been employed by the Defendants since 2003.

9. Plaintiff's work duties require neither discretion nor independent judgment.

## DEFENDANTS
### *Corporate Defendants*

10. Defendant JFE INC., is a domestic business corporation organized under the laws of the State of New York with a principal address of 33A Nepperhan Avenue, Elmsford, New York 10523.

11. At all times relevant to this action, Defendant was engaged in commerce or in an industry or activity affecting commerce.

12. Defendant constitutes an enterprise within the meaning of FLSA, 29 U.S.C. Section 203(r-s).

13. DEFENDANT JFE of CONNECTICUT INC., is a domestic business corporation organized under the laws of the State of New York with two stated addresses of 12 Hunter Lane, Elmsford, New York 10523, and 33A Nepperhan Avenue, Elmsford, New York 10523

*Corporate Defendants*
*JFE INC., and JFE OF CONNECTICUT INC.,*
*Constitute Joint Employers*

14. Defendant Corporations JFE INC. and JFE OF CONNECTICUT INC., are joint employers of the Plaintiff and constitute an enterprise as the term is defined by 29 U.S.C. Section 203(r) insofar as:

15. JFE INC., and JFE of CONNECTICUT INC., did business at the same location, at the same time during Plaintiff's employment and is operated by the same management.

16. JFE INC., and JFE off CONNECTICUT INC., are otherwise engaged in related activities performed through uniform operation and/or common control for a common business purpose.

17. Defendants possess or possessed substantial control over Plaintiff's and other similarly situated employees' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

18. Defendants employ Plaintiff and is his (and all similarly situated individuals) employer within the meaning of 29 U.S.C. Section 201 *et seq.* and the NYLL.

19. At all relevant times, Defendants have been Plaintiff's employer within the meaning of the FLSA and NYLL. Defendants have the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of compensation in exchange for his services.

20. From 2012 to present, Defendants have had a gross annual volume of sales of not less than $500,000.

21. Upon information and belief, Defendants are directly engaged in interstate commerce. For example, besides Manhattan, Westchester and other Counties located in New York State, Defendants perform demolition work in Connecticut and numerous items that are used and sold daily by the Defendants were produced outside the State of New York.

### *Defendant* ###
### *EDWARD FUCCI* ###

22. Upon personal knowledge of Plaintiff, Defendant EDWARD FUCCI was an Owner and Manager and (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employee records.

23. On May 16, 2018, EDWARD FUCCI passed away.

### *Defendant* ###
### *CHRIS FUCCI* ###

24. Upon Information and Belief, Defendant CHRIS FUCCI, is the son of EDWARD FUCCI and (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records.

### *Defendant* ###
### *JOSE TRINIDAD ESPINOZA* ###

25. Upon personal knowledge of Plaintiff, JOSE TRINIDAD ESPINOZA was a Manager and (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records.

26. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## STATEMENT OF FACTS

27. The Corporate Defendants operate a demolition/construction business with its headquarters located in Westchester, New York.

28. Plaintiff, PONCIANO GARCIA, was hired by Defendant JOSE TRINIDAD ESPINOZA.

29. From on or about December 1, 2012 to December 1, 2018, Plaintiff PONCIANO GARCIA was employed by Defendants to work as a construction/demolition worker for JFE INC., and JFE OF CONNECTICUT, INC.

30. Plaintiff regularly worked in excess of 40 hours per week.

31. Plaintiff was not required to clock in and out of his shifts.

32. From approximately December 1, 2012 to December 1, 2018, Plaintiff worked a double shift, or sixteen (16) hours on three days each week, eight (8) hours for two days each week and eight (8) hours for each Saturday of the week, or a total number of hours worked of seventy-eight (78) hours a week.

33. At all relevant times, the Defendants knowingly and willfully failed to pay Plaintiff at least the minimum wage for all hours worked and overtime compensation at one and one-half times (1.5x) his regular rates of pay for all hours worked over forty (40) hours in a given work week.

34. Plaintiff was at all relevant times paid a portion of his wages in cash.

35. From December 1, 2012 to December 1, 2017, Plaintiff was paid $120.00 a day and from January 2017 to present, Plaintiff is paid $135.00 a day.

36. Defendants only granted Plaintiff a short meal break, but no rest periods were given.

37. Defendants failed to provide Plaintiff and other employees with wage statements at the time of payment wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift day, week, salary, piece, commission, or other; gross ages; deductions; allowances; if any, claimed as part of the minimum wage; net wages; the regularly hourly rate or rates of pay; the overtime rates or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by New York Labor Law 195(3).

38. No notification, either in the form of posted notices, or other means, was given to Plaintiff regarding minimum wage payment rates, overtime pay or wages under the FLSA and NYLL.

39. Defendants failed to maintain a system which recorded and stored the time employees started and ended their shifts.

40. Defendants failed to provide Plaintiff and other employees, at the time of hiring, a statement in English and the employee's primary language, Spanish, containing: the rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any claimed as part o the minimum wage, including tip, meal, or lodging allowances; the regular day designated by the employer; the name of the employer; any "doing business as" names used by the employer, the physical address if different; and the telephone number of the employer, as required by New York Labor Law 195(1).

41. In order to actively conceal the seventy-eight (78) hours Plaintiff worked each week, in addition to the cash payments, Defendants issued Plaintiff two separate work checks for the same weekly pay, one from JFE INC. and one from JFE OF CONNECTICUT INC., which together added up to eleven (11) work days in one week.

42. Upon information and belief, these practices by Defendant were done willfully to disguise the actual number of hours Plaintiff (and similarly situated employees) worked, and to avoid paying Plaintiff, at all relevant times, properly for (1) minimum wage due, and (2) for overtime due.

43. Upon information and belief, Defendants employ more than eleven (11) employees.

44. Pursuant to New York State Minimum Wage Laws, large employers who employ eleven (11) employees are required to pay a minimum wage rate of $11.00 per hour.

45. While employed by the Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

46. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

47. PONCIANO GARCIA was not compensated at least the minimum hourly wage for each hour worked.

48. PONCIANO GARCIA was not compensated at one-and-one-half of the minimum wage or his fixed minimum wage, whichever is greater, for all hours worked above forty (40) in each workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

49. Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees of JFE Inc., and JFE OF CONNECTICUT INC., who have been or were employed by the Defendants for up to last three (3) years, before the filing of the complaint in this case (the "Collective Action Period") and whom were not compensated at least the hourly minimum wage for all hours worked and/or at the time and one half rate of overtime hourly compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

50. Plaintiff and all other non-exempt employees of JFE Inc. and JFE of Connecticut Inc., were victims of Defendants' common policy of non-payment of minimum and overtime wages.

51. Upon information and belief, the Collective Action Members are so numerous that joinder of all members is impracticable. The identity and precise number of such persons is unknown, and the facts upon which the calculations of that numbers may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than ten (10) Collective Action members who have worked for or continue to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits due to fear or retaliation, lack of adequate financial resources, lack of access to attorneys, or lack of knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collective action under FLSA, 29 U.S.C. § 216(b).

**COUNT I.**
**Violations of the Fair Labor Standards Act – Minimum Wage**
**Brought on behalf of Plaintiff and the FLSA Collective**

52. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

53. At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

54. At all relevant times, Defendants employed "employees" including Plaintiff, within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a). Defendants had the power to hire and fire Plaintiff (and the FLSA Class members), controlled the terms and conditions of employment and determined the rate and method of any compensation in exchange for their employment.

55. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. Section 203 (r-s).

56. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.00.

57. The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. (29 U.S.C. § 206(a)).

58. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the collective action members, for some or all of the hours that they worked.

59. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

60. Defendants knowingly and willfully disregarded the provisions of the FLSA, as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II.
### Violations of the Fair Labor Standards Act – Overtime Wage
**Brought on behalf of the Plaintiff and the FLSA Collective**

61. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

62. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half

times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. (29 U.S.C. § 207(a)).

63. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. (29 U.S.C. § 216(b)).

64. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

65. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

66. The FLSA and supporting regulations require employers to notify employees of employment law requirements. (29 C.F.R. § 516.4).

67. Defendants' willfully failed to notify Plaintiff and FLSA Collective members of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

68. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injury Plaintiff and Collective Action members.

## COUNT III.
## Violation of New York Labor Law – Spread of TIME PAY

69. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

70. The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§ 190, et seq., and §§ 650, et seq., and New York State Department of Labor regulations § 146-1.6.

71. Defendants' failure to pay Plaintiff spread-of-hours pay was not in good faith.

## COUNT IV.
## Violation of New York Labor Law – Record-Keeping Requirements

72. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

73. Defendants did not maintain, establish and preserve Plaintiff's weekly payroll records for a period of not less than six (6) years, as required by NYRR § 142-2-6.

74. As a result of Defendants' unlawful conduct, Plaintiff has sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, cost and attorneys' fees, pursuant to state law.

75. Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff in order to facilitate their exploitation of Plaintiff's labor already and to conceal the actual hours worked by Plaintiff.

76. Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff was not in good faith.

**COUNT VI.**
**Violation of New York Labor Law – Time of Hire Wage Notice Requirement**

77. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

78. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shirt, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular day to day designated by the employer; the name of the employer any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. (NYLL § 195-1(a)).

79. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

80. Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to each Plaintiff even after the fact.

81. Due to Defendants' violation of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50.00 for each workday that the violation occurred or continued to occur, up to $5,000.00, together with costs and attorneys' fees pursuant to New York Law. (N.Y. Lab. Law. § 198(1-b)).

## COUNT VII.
### Violation of New York Labor Law – New York Pay Stub Requirement

82. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

83. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. (NYLL § 195-1(d)).

84. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff and did not provide the paystub on or after each Plaintiff's payday.

85. Due to Defendant's violations of New York Labor Lay, each Plaintiff is entitled to recover from Defendants, jointly and severally, $250.00 for each workday of the violation, up to $5,000.00 for each Plaintiff, together with costs and attorneys' fees pursuant to New York Labor Law. (N.Y. Lab. Law § 198(1-d)).

## COUNT VIII
### Violation of the New York Minimum Wage Act

86. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though more fully set forth herein.

87. Defendants paid Plaintiff less than the minimum wagem in violation of NYLL Section 652(1) and supporting regulations.

88. Defendants' failure to pay Plaintiff minimum wage was willful within the meaning of NYLL Section 663.

89. Plaintiff was damaged in an amount to be determined at trial.

## COUNT IX.
### Civil damages for fraudulent filing of IRS returns. Violations of 26 U.S.C. § 7434
### Brought on behalf of the Plaintiff

90. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

91. 26 U.S.C. § 7434 provides that if any personal willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other personal may bring a civil action for damages against the person so filing such a return.

92. Due to Defendants' violations of 26 U.S.C. § 7434, Plaintiff is entitled to recover from Defendants, jointly and severally: (1) any actual damages sustained by Plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing); (2) the cost of the action; and (3) in the Court's discretion, reasonable attorneys' fees.

## COUNT X.
### Civil damages for Deceptive Acts and Practices. Violations of New York General Business Law § 349 Brought on Behalf of the Plaintiff

93. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

94. NY General Business Law § 349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

95. Due to Defendants' violations of NY GBS Law § 349, Plaintiff is entitled to recover from Defendants, jointly and severally, his actual damages or fifty dollars ($50.00), whichever is greater, or both such actions.

96.     Plaintiff demands the right to examine, in person or by attorney, the minutes of the proceedings of the shareholders and records of shareholders of Defendant Corporation to recover wages owed as employees of the corporation.

## JURY DEMAND

97.     Plaintiff demands a trial by jury on all issues triable by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, and the FLSA Collective Plaintiffs and respectfully requests that this Court enter a judgment providing the following relief:

a) Designating this action as a Collective Action and authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in-class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointment Plaintiff and his counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e) An injunction against Corporate Defendant, its officers, agents, successors, employees, representatives and any and all persons acting in concern with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) An award of unpaid overtime wages due under FLSA and New York Labor Law due Plaintiff and Collective Action members plus compensatory and liquidated damages in the amount of twenty-five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g) An award of liquidated and/or punitive as a result of Defendants' knowing and willful failure to pay wages, overtime compensation pursuant to 29 U.S.C. § 216;

h) Up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

i) Up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

j) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

k) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198 and 663;

l) The cost and disbursements of this action;

m) An award of prejudgment and post-judgment fees;

n) Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent (15%), as required by NYLL § 198(4); and

o) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: White Plains, New York
December 10, 2018

        LAW OFFICES OF
        MICHAEL G. SANTANGELO, PLLC
        By: *Michael G. Santangelo, Esq.*
        Michael G. Santangelo (0543)
        *Attorney for Plaintiff*
        75 South Broadway - Suite 4-54195
        White Plains, New York 10601
        Telephone: (914) 304-4242
        E-mail: mgsesq@msn.com

        THE LAW OFFICES OF
        ANTHONY J. MAMO, Jr., PC
        By: *Anthony J. Mamo, Jr., Esq*
        Anthony J. Mamo, Jr., Esq
        47 Beekman Avenue
        Sleepy Hollow, NY 10591
        Telephone: 914-631-5050
        E-mail: mamolaw@outlook.com